IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Allen McInturff, | No. CV-11-8160-PCT-PGR (LOA) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan, et. al, | |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, doc. 1, challenging his judgment of conviction in the Yavapai County Superior Court, State of Arizona, on May 26, 1998 for Sexual Conduct with a Minor Less than 15 Years of Age (Count I), and Attempted Molestation of Child (Count III). Plaintiff asserts a single ground for relief. (Doc. 1) Respondents filed an Answer, doc. 11, to which Petitioner has not replied and the time to do so has passed. As discussed below, the Petition should be dismissed as untimely.

**I. Background**

 **A. Indictment**

On January 29, 1998, Petitioner was indicted in the Superior Court of Yavapai County with Sexual Conduct with a Minor Less than 15 Years of Age (Count I), four counts of Sexual Intercourse or Oral Sexual Contact with a Minor under the Age of 15 Years (Counts II through V), one count of Failure to Register as a Sex Offender (Count VI), and one count of Kidnapping (Count VII). (Respondents' Exh. A) The State subsequently

alleged that Petitioner was previously convicted in Wyoming of three counts of "immoral acts with a child." (Respondents' Exh. B)

### B. Guilty Plea and Sentencing

On May 26, 1998, Petitioner pleaded guilty before the Honorable William T. Kiger to Sexual Conduct with a Minor less than 15 yeas of Age, a class 2 felony, and entered an "*Alford*" plea[1] to Attempted Molestation of Child, a class 3 felony. (Respondents' Exhs. C-E) On July 28, 1998, the State court sentenced Petitioner to 27 years' imprisonment for the first offense, and to a consecutive sentence of 15 years' imprisonment on the second offense. (Respondents' Exh. J-K)

### C. First Petition for Post-Conviction Review

On August 24, 1998, Petitioner filed a notice of post-conviction relief. (Respondents' Exh. M) The State court appointed counsel for Petitioner. (Respondents' Exh. N) Counsel informed the court that, after review of the record, he was unable to find any claims to raise and requested leave for Petitioner to file a *pro se* petition. (Respondents' Exh. O) On March 7, 1999, Petitioner filed a *pro se* petition for post-conviction relief, alleging ineffective assistance of trial counsel. (Respondents' Exh. P) The State court dismissed the petition as untimely. (Respondents' Exh. Q) Petitioner subsequently filed a motion for extension of time to file a *pro se* petition for post-conviction relief. (Respondents' Exh. S) The State court granted Petitioner until June 1, 1999 to file a petition. (Respondents' Exh. T) On June 11, 1999, Petitioner filed a petition for post-conviction relief, asserting several claims of ineffective assistance of trial counsel, that his plea was involuntary, and that the trial court violated Petitioner's Eighth Amendment right to be free from cruel and unusual punishment. (Respondents' Exh. V) The post-conviction court denied relief on August 16, 1999. (Respondents' Exh. X) Petitioner did not seek review in the Arizona Court of Appeals.

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

- 2 -

**D. Second Petition for Post-Conviction Relief**

On August 29, 2009, Petitioner filed a second petition for post-conviction relief. (Respondents' Exhs. Y, Z, AA) On November 5, 2009, the post-conviction court dismissed the petition as untimely, explaining that, "the Court is unable to find that [Petitioner's claims] would fall within any exception set out in Rule 32.2(b)." (Respondents' Exh. BB) Alternatively, the State court found that Petitioner's claims lacked merit. (*Id.*) Petitioner sought review in the Arizona Court of Appeals, which was summarily denied. (Respondents' Exhs. DD, EE, FF)

**E. Federal Petition for Writ of Habeas Corpus**

On October 19, 2011, Petitioner filed a Petition for Writ of Habeas Corpus in this District Court, asserting that:

> I am being denied my First Amendment Right to redress grievances against the Government in challenging the constitutional vagueness of A.R.S. § 13-604.01 and its applicability to a convicted person, as this statute unlawfully enhances a sentence without due process protections or adequate notice in violation of Amendments Five, Fourteen[,] and provisions of the Sixth and Eighth.

(Doc. 1 at 6) Respondents argue that the Petition should be denied as untimely. Petitioner has not replied and the deadline to do so has expired. As discussed below, the Court agrees with Respondents and recommends that the Petition be dismissed as untimely.

**II. Statute of Limitations**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") established a one-year period in which to file a petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). Title 28 U.S.C. § 2244 provides, in pertinent part, that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
> The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d).

- 3 -

Pursuant to the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. *Id.*; *also see Hemmerle v. Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007) (stating that "in Arizona, post-conviction 'proceedings begin with the filing of the Notice'. . . . Thus, where notice is filed in conformity with the pertinent Arizona statutory provisions and contains a specific prayer for relief in the form of a request for a new trial, 'it is sufficient to toll the AEDPA statute of limitations.'").

**A. Commencement of Limitations Period**

To assess the timeliness of a petition for writ of habeas corpus, a court must first determine the date on which Petitioner's conviction became "final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). Significant to that determination is that, by pleading guilty, Petitioner waived his right to a direct appeal under Arizona law. A.R.S. § 13-4033(B). Petitioner, however, retained the right to seek review in an "of-right" proceeding pursuant to Ariz.R.Crim.P. 32; 32.1, and 32.4. Because Petitioner pled guilty, his conviction became final upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon] the expiration of the time for seeking such proceeding or review." *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) (concluding that an "'of-right proceeding,' available under Arizona Rule of Criminal Procedure 32 to criminal defendants who plead guilty, is a form of 'direct review' within the meaning of 28 U.S.C. § 2244(d)(1).").

Here, Petitioner pled guilty and was sentenced on July 28, 1998. Under Arizona law, Petitioner had ninety days from the entry of judgment and sentence within which to file a notice of post-conviction relief under Rule 32. Ariz.R.Crim.P. 32.1, 32.4(a) (stating that "[i]n a Rule 32 of-right proceeding the notice must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding."). Petitioner filed timely a notice of Rule-32 relief within the 90-day period. (Respon-

- 4 -

dent's Exh. M)  The Superior Court dismissed the petition for post-conviction relief on August 16, 1999. Petitioner had thirty days within which to seek review in the Arizona Court of Appeals. Ariz.R.Crim.P.  32.9(c). Because Petitioner did not seek appellate review, his Rule-32  proceeding concluded on September 16, 1999. Accordingly, the AEPDA limitations began to run on September 16, 1999, and concluded one year later on September 16, 2000.

Long after the limitations period had expired, Petitioner filed a second notice of post-conviction relief on August 21, 2009. Because the AEDPA's statute of limitations had already run by the time Petitioner commenced his second post-conviction action, statutory tolling will not save his Petition. Once the AEDPA limitations period expires, a subsequently filed petition for post-conviction relief cannot restart the statute of limitations. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Section 2244(d)(2) cannot "revive 'the limitation period (i.e. restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitation period is expired, collateral petitions can no longer serve to avoid a statute of limitation.'" *Johnson v. Galaza*, 2001 WL 125312, * 1 (N.D.Cal. Feb. 7, 2001) (quoting *Rashid v. Kuhlmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998)); *see also Brinkley v. Tilton,* 372 Fed.Appx. 732, 733 (9th Cir. 2010) (finding "no basis to apply statu-tory tolling because the one-year limitations period had already expired by the time [petitioner] filed his first state petition."); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit reinitiation of the limitations period that has ended before the state petition was filed.").

The State post-conviction court noted that Petitioner's second notice of post-conviction relief was untimely under Arizona law, and that his claims did not satisfy any exception to the time limit for filing a Rule-32 petition. Thus, Petitioner's notice of post-conviction relief was not properly filed and could not have tolled the limitations period even if it had not already expired. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (stating that "[w]hen a post-conviction petition is untimely under state law, that is the end of the matter

1  for purposes of § 2244(d)(2).") (internal quotation and citation omitted).

2  In summary, the AEDPA limitations period expired on September 16, 1999, and
3  the October 19, 2011 Petition for Writ of Habeas Corpus was untimely absent equitable
4  tolling.

**B. Equitable Tolling**

Section 2244(d)'s limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Holland v. Florida*, ___ U.S.___, 130 S.Ct. 2549, 2560 (2010); *Waldron-Ramsey v. Pacholke,* 556 F.3d 1008, 1011 n. 2 (9th Cir. 2009). A petitioner is entitled to equitable tolling only if he establishes two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 130 S.Ct. at 2565 (internal citations and quotations omitted).

Here, Petitioner asserts that he properly presented his claims to the Arizona Court of Appeals in a timely manner. (Doc. 1 at 17)  He argues that the failure to timely appeal the denial of his first Rule-32 petition was not his fault. (*Id*.)  Petitioner, however, does not explain why he waited ten years after the denial of his first petition for post-conviction relief to seek further review of his claims. Moreover, he does not address his failure to file a timely petition for writ of habeas corpus in this Court. In short, Petitioner has neither articulated, nor does the record reveal, any extraordinary circumstance that would justify equitably tolling of the statute of limitations. *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003) (noting that equitable tolling only applies "where 'external forces, rather than a petitioner's lack of dili-gence account for the failure to file a timely claim."). Petitioner's lack of familiarity with the law and lack of legal assistance do not constitute extraordinary circumstances sufficient to toll the limitations period. *Ballesteros v. Schriro*, 2007 WL 666927, * 5 (D.Ariz. February 26, 2007) (noting that a petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not

constitute extraordinary circumstances) (citing *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999)). "[I]t is well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)). Petitioner's ignorance of the law and indigent status do not distinguish him from the great majority of inmates pursuing habeas corpus relief. Such circumstances are not extraordinary and do not justify tolling the limitations period. "If limited resources, lack of legal knowledge, and the difficulties of prison life were an excuse for not complying with the limitation period, the AEDPA's limitation period would be meaningless since virtually all incarcerated prisoners have these same problems in common." *Bolanos v. Kirkland*, 2008 WL 928252, *4 (E.D. Cal. April 4, 2008), *report and recommendation adopted by Bolanos v. Kirkland*, 2008 WL 1988878 (E.D.Cal. May 5, 2008); s*ee also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (affirming denial of equitable tolling because neither the district court's failure to advise the petitioner of the right to amend his petition to include unexhausted claims nor petitioner's inability to correctly calculate the limitations period were extraordinary circumstances warranting equitable tolling).

Petitioner has failed to present any circumstance that would justify the equitably tolling of the AEDPA's statute of limitations. Accordingly, Petitioner's § 2254 Petition should be denied as untimely.

## III. Conclusion

In summary, because the Petition for Writ of Habeas Corpus is untimely and Petitioner has not established any basis for avoiding the AEDPA limitations period, the Petition should be denied.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus, doc. 1, be **DENIED.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and

- 7 -

leave to proceed *in forma pauperis* on appeal be **DENIED** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the undersigned Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the undersigned Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. Rule 72, Federal Rules of Civil Procedure.

Dated this 2nd day of July, 2012.

Lawrence O. Anderson
United States Magistrate Judge

- 8 -